■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD HOLMES, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Fulton County, convicting the appellant of the crime of manslaughter in the second degree. When the appeal of the judgment of conviction was before this court previously (23 A D 2d 898), we withheld our decision and remitted the case for a hearing as to the voluntariness of certain statements as outlined in *Jackson* v. *Denno* (378 U. S. 368) and *People* v. *Huntley* (15 N Y 2d 72). That hearing has now been held; the trial court determining that beyond a reasonable doubt such statements were made voluntarily. The trial court was not compelled to give any credence to appellant's vague and uncorroborated assertion that during interrogation he sought and was denied counsel. Nor does the failure to advise appellant of his right to consult with counsel at the time these prearrangement statements were made require their exclusion in this State (*People* v. *Dusablon*, 16 N Y 2d 9; *People* v. *Gunner*, 15 N Y 2d 226; *People* v. *Acciarello*, 23 A D 2d 777). On review of the entire record we find no basis for reversal. Judgment affirmed. Gibson, P. J., Taylor and Hamm, JJ., concur.

■ SIDNEY BELINKY et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 42878.) — MEMORANDUM BY THE COURT. Appeal by the State from a judgment of the Court of Claims in an appropriation case, the appeal being limited to the award for machinery and equipment used in connection with the corporate claimant's laundry business conducted upon premises leased to it by the individual claimant, who had a separate award for the realty taken. The machines and equipment, with the exception of a flatwork ironer, were, for the most part, rebuilt machines, of standard makes, some of which had been removed to this location from another laundry; and although they were bolted to the floor and connected to the electrical and water systems, they were removable, and were, in fact, removed by the tenant, without material injury to the machines or to the freehold, so far as the record discloses. With the exception noted, these items were personalty and not fixtures, under the authorities. (See, e.g., *Matter of City of New York* [*Whitlock Ave.*], 278 N. Y. 276, 283, mot. for rearg. den. 278 N. Y. 714.) The flatwork ironer, however, was a fixture for which claimant was entitled to be compensated. (*Marraro* v. *State of New York*, 12 N Y 2d 285, 291.) We find that its value was $6,750. Judgment modified, on the law and the facts, by reducing the award to $6,750 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.