■ Belden-Stark Brick Corp., Appellant, v. Morris Rosen & Sons, Inc., et al., Respondents, et al., Defendant.— Order, Supreme Court, New York

County, entered on August 16, 1971, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and plaintiff's motion granted, judgment awarded plaintiff as prayed for and defendant's counterclaim dismissed. Appellant shall recover of respondents $50 costs and disbursements of this appeal. Appeal from the order of said court, entered on October 21, 1971, unanimously dismissed as academic, without costs and without disbursements. In this action to recover the unpaid balance for brick sold and delivered to the defendant Rosen and to recover such balance against the principal and sureties on a payment bond, the defendants rely upon a defense and counterclaim alleging defects in the brick delivered and damages resulting therefrom. The defense and counterclaim were properly challenged by the plaintiff on its motion for summary judgment and the proofs submitted by plaintiff showed prima facie that they are lacking in merit. Thereupon, it was mandatory upon the defendants to submit evidentiary facts or materials, by affidavit or otherwise, furnishing prima facie support for the defense and counterclaim. (See *Indig* v. *Finkelstein*, 29 A D 2d 851, affd. 23 N Y 2d 728.) There was a failure, however, as a matter of law, to support the allegations that the " brick was not properly packed, so that there were an inordinate number of chip and spalls, which necessitated this defendant in assigning men and expending large sums of money for the culling of the brick" and that " The brick which was furnished was not in accordance with the approved sample ", and that the defendant Rosen & Sons, Inc., was thereby damaged. There is no adequate showing as to the nature and extent of the alleged chipping and spalling. In fact, defendant Rosen admits that it is unable to specify how many bricks in each delivery were defective, and, no factual data was offered to support a claim that the chippage exceeded the percentages allowable and the contract standards. Furthermore, the contract specifically provides that the " Seller's liability for the quality * * * of material shipped shall in all cases be limited to the cost of replacing such material as may be rightfully rejected because of inferior quality or color. Seller shall not be liable for any consequential damage of any kind whatever, or for the installation or handling cost of rejected material." We conclude that this provision is applicable and binding to prevent a recovery of the damages claimed by the counterclaim (see Uniform Commercial Code, § 2–719, subd. [3]). Finally, the defendants failed to plead and present any factual support for the claim that economic duress was perpetrated by the plaintiff upon the defendant Rosen (cf. *Austin Instrument* v. *Loral Corp.*, 29 N Y 2d 124). Settle order on notice. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Eager, JJ.