## (December 10, 1973)

■ Leonardo Buonassisi, Appellant, v. Sears, Roebuck & Company et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, entered March 19, 1973, as is against him and in favor of defendants, upon the trial court's dismissal of the complaint at the end of a jury trial. Judgment modified, on the law, by (1) striking therefrom the first and fourth decretal paragraphs (which are against plaintiff and in favor of defendants Sears, Roebuck & Company and Barnaby

Construction Corp., sued as Barnaby Construction Company) and (2) substituting therefor a provision that, as between plaintiff and said two defendants, a new trial and severance of action are granted. As so modified, judgment affirmed insofar as appealed from, with costs as to plaintiff and said defendants to abide the event, with costs to defendant Charles Luckman Associates against plaintiff, and without costs as to defendant Forty Four Wall Corp. The appeal did not present questions of fact. In June, 1967 defendant Sears, Roebuck & Company was constructing a nine-story building on land owned by defendant Forty Four Wall Corp. and leased by it to Sears. The general contractor for Sears was defendant Barnaby Construction Corp. The architect was defendant Charles Luckman Associates. The concrete subcontractor was third-party defendant Barnaby Concrete Corp. The latter's labor foreman, William Dillman, testified that by June 8, 1967 construction had progressed to the fifth floor and that the first floor had been poured about four months earlier. In constructing the first floor, Barnaby Concrete had left various preplanned openings for escalators, elevators, stairways, air conditioning ducts, electric conduits and piping, etc. He claimed that after the first floor had been poured the large openings were covered with planking and the small openings with plywood. Plaintiff, a laborer employed by Barnaby Concrete, was scraping concrete drippings on the first floor in the vicinity of certain columns on June 8, 1967, when, at about 1:20 P.M., he fell to the basement through a first floor opening, four feet by about six to eight feet, and was injured. He instituted this action against Forty Four Wall, Sears, Barnaby Construction and Charles Luckman Associates. Sears interposed a third-party complaint against Barnaby Concrete. Plaintiff's complaint alleged essentially that he had not been provided with a safe place to work, that a hole in the area where he was working had not been properly covered and that no guard rails or other warning devices or procedures had been provided. His bills of particulars alleged *inter alia* violations of sections 240, 241 and 241-a of the Labor Law and " the applicable provisions " of the rules of the Board of Standards and Appeals concerning covering and barricading of openings in the floor of a working area. The judgment under review recites that the four defendants and the third-party defendant entered into a stipulation providing for the dismissal of all cross claims and the third-party action. Decretal provisions in the judgment accordingly state that the cross claims and the third-party complaint are dismissed. On this appeal plaintiff argued, *inter alia,* that the failure to provide barricades about the opening through which he fell presented a question of fact as to Sears' and Barnaby Construction's " negligent breach of duty owed to the plaintiff," relying on sections 200 and 241 of the Labor Law, as in effect on June 8, 1967, and subdivision (i) of section 23.3 of the Industrial Code (12 NYCRR 23.3 [i]). The latter provided: " Every hole into or through which a person may fall shall be guarded by a barrier sufficient to prevent falls, except where free access is required by work actually in progress." Plaintiff's brief conceded that " the only defendants who may be found liable " are Sears and Barnaby Construction. He also argued that the issue of contributory negligence was for the jury. The building was being constructed for Sears, as above stated, although eventually it would become the property of Forty Four Wall. The general contractor had been hired by Sears. Thus, in a practical sense, Sears fulfilled the role of owner. We are of the opinion that in the context of the facts of this case, Sears must be deemed to be an " owner " within the purview of the legal duty imposed upon owners by the Labor Law to provide reasonable and adequate protection and safety to persons employed at the site of construction work being done by or for the owner, and thus, Sears,

as an "owner" and Barnaby Construction, as the general contractor, were chargeable with safety responsibilities for the floor area where plaintiff worked. See *Seigel* v. *Prima Concrete Constr. Corp.* (27 A D 2d 946) where, in reversing a dismissal of the complaint against defendant Long Island National Bank of Hicksville and granting a new trial as to that defendant, this court stated· (p. 947) that "The Bank had a nondelegable duty to provide plaintiffs with a safe place to work". Although not shown in our *Seigel* memorandum decision, the record on appeal therein shows that the bank was a lessee and the building was being constructed on land owned by another. (Compare *Olson* v. *480 Park Ave. Corp.*, 12 A D 2d 960.) There, structural alterations were being made in restaurant premises leased from the owner. Our decision stated (p. 961) that "although subdivision 6 of section 241 of the Labor Law authorizes the adoption of rules for the protection of workmen coming in contact with electric wiring in the course of repairing and remodeling as well as new construction * * *, the building owner was not bound to comply with those rules because there is no proof that it was actually engaged in the alteration work or had control thereof". The corollary· of this, and to which we subscribe, is that the lessee in such a case is placed in the position of an owner and bears the responsibility of an owner actually engaged in alteration work or having control thereof.) Dillman, the above-mentioned labor foreman for Barnaby Concrete, testified that when he left plaintiff at about 12:45 P.M. on the day in question the subject hole was covered, that the covering used was five-eighths plywood; that when a hole is covered "concrete nails" are driven through the plywood into the concrete to hold the plywood and that this hole had originally been so covered the day after Barnaby Concrete had finished the floor. Plaintiff testified that the floor was full of piles of materials (plumbing, electrician pipe, air conditioning ducts, etc.), stacked "six, seven feet high", that he could not see from one side to the other unless he walked around, that the piles were between the columns, that he walked from one column to another in the course of his scraping and that there was also considerable plywood on the job. The record indicates that about 1:20 P.M. plaintiff plummeted to the basement directly below one of the preplanned holes, but he asserted he could not remember whether or how he fell into the hole — he merely· recalled waking up in the hospital. Carmelo Amato, an employee of Barnaby Concrete, was working in the basement on June 8, 1967. He testified with respect to the subject hole that an electrician and plumber had been passing pipe through it every day and had done so about 10:00 A.M on June 8, 1967 and again after 12:00 noon that day for about 10 or 15 minutes. He further testified that the hole was open and at no time on the day of the fall had he seen it closed. It is our opinion that on this conflicting evidence plaintiff established a prima facie case against Barnaby Construction and Sears and that at the close of all the evidence there were issues of fact requiring submission of the case against these two defendants to the jury. Among those issues were how long the hole had been open at the time plaintiff fell, how the hole came to be open, whether work was then in progress, whether Sears and Barnaby Construction had actual or constructive notice that the hole was open and unprotected and whether plaintiff was contributorily negligent. Implicit in our decision is the rejection of plaintiff's contention that, in order to make a prima facie case, he did not have to prove notice to defendants (see *Zaulich* v. *Thompkins Sq. Holding Co.*, 10 A D 2d 492). We are not reinstating Sears' cross claim against Barnaby Construction and Sears' third-party complaint against Barnaby Concrete because the judgment indicates that these matters are governed by a stipulation. The stipulation and the third-party complaint are not part of the printed record and the

parties' briefs make no request for relief with respect to this subject. Should the stipulation not resolve this subject, Sears may apply to Special Term for such relief as Sears deems appropriate. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.