■ Samuel Arlow et al., as Executors of Samuel Chalfin, Deceased, Appellants-Respondents, v Vinyl Masters, Inc., Respondent-Appellant.—In an action to obtain part of the proceeds of a condemnation award, (1) plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated September 7, 1976, as denied their motion for summary judgment and (2) defendant cross-appeals from so much of the same order as failed to grant its cross application for summary judgment dismissing the complaint. Order modified, on the law, by adding thereto a provision granting defendant's cross application. As so modified, order affirmed, with $50 costs and disbursements to defendant payable by plaintiffs. Plaintiffs are the lessors of certain property in Brooklyn and the defendant is the assignee of the lessee. In June, 1969, the property was acquired by right of eminent domain by the City of New York for a public purpose. Paragraph 24 of the lease provided that in the event of a condemnation of the "demised premises" for a public purpose, the lessor shall receive the first $325,000 of the "entire award" or "aggregate of any separate awards to Lessor and Lessee", and that the lessee shall receive the balance. In the condemnation proceeding, an award of $306,500 was made to the plaintiffs-lessors and an award of $1,300,000 was made to the defendant for trade fixtures. The interest on the award to plaintiffs was $61,291.32, making the total amount they received $42,791.32 more than $325,000. The defendant argued, in the condemnation proceeding, that the interest was part of the lessors' award and that the accrued interest beyond $325,000,

i.e., $42,791.32, should be paid to it. The Special Term rejected that argument and this court affirmed its decree without opinion (Matter of City of New York [North East Brooklyn High School], 47 AD2d 597). In the present action, the lessors are seeking to recover from the defendant the sum of $18,500, the difference between the award to them, $306,500, and the sum of $325,000 which was guaranteed to them under the provisions of the lease. It is plaintiffs' argument that they are entitled to the first $325,000 of the entire award or of "the aggregate of any separate awards". Plaintiffs moved for summary judgment arguing that they are entitled to recover $18,500 from the defendant's separate award for trade fixtures in order to reach the sum of $325,000 guaranteed to them in the lease. In its cross application for summary judgment dismissing the complaint, the defendant argued that the lessors had never claimed, during the course of the entire condemnation proceeding, that they were entitled to share in the trade fixture award. On substantive grounds, the lessee also argued that, pursuant to paragraph 28 of the lease, trade fixtures were specifically excepted from the term "demised premises". The Special Term denied plaintiffs' motion for summary judgment and failed to grant defendant's cross application for summary judgment. It held that there was a conflict between the term "award" in paragraph 24 of the lease and the term "demised premises" which had to be resolved at a trial. In our view, the Special Term erred in failing to grant defendant's cross application for summary judgment. Paragraph 24 of the lease sets forth the parties' rights to share in all condemnation awards for the taking of the "demised premises", which includes the realty and all fixtures attached to the premises. Paragraph 28 of the lease specifically and clearly states that trade fixtures are not part of the demised premises. The pertinent language of paragraph 28 is: "The term 'demised premises' as used in this lease includes all fixtures attached to said premises, excepting, however, any and all trade fixtures * * * whether or not affixed to the realty * * * used by the Lessee in connection with its operations upon the demised premises." Trade fixtures are those fixtures which the lessee has supplied at its own expense and has the right under its lease to remove (Marraro v State of New York, 12 NY2d 285). It is well established that a lessee has an absolute right to receive compensation for the appropriation of its trade fixtures if, under the terms of its lease, as is true in the case at bar, it has reserved its ownership and title to the fixtures (Matter of City of New York [Allen St.], 256 NY 236). A "tenant retains the right to compensation for his interest in any annexations to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease" (Matter of City of New York [Allen St.], supra, p 243). Accordingly, defendant's cross application should have been granted. Hopkins, J. P., Suozzi, Margett and Hawkins, JJ., concur.