*507 OPINION OF THE COURT
Bentley Kassal, J.
facts
In an action under sections 240 and 241 of the Labor Law, the jury rendered a verdict in favor of the plaintiff, a laborer, employed by one of the subcontractors, Die Under-hill (Die), for the personal injuries he suffered while on the job site. The special verdict found different degrees of apportionment of liability among the defendant Tishman Construction and Research Co., Inc. (Tishman), the “construction manager”; the codefendant, a subcontractor, Anthony Muratore Contracting Co., Inc. (Muratore); and the third-party defendant, Die, also a subcontractor, and further apportioned 5% of the fault to the plaintiff based upon his contributory negligence. The evidence was incontrovertible that Tishman was only passively negligent, absolute liability having been imposed against it under the Labor Law in that it failed to provide a safe place to work to plaintiff, that Muratore, which had other workers on the job, was actively negligent in that one of its employees dropped the object that hit plaintiff and that Die was also actively negligent in that its foreman had directed the plaintiff to go into the area in question.
I reserved decision on three postverdict motions by Tishman, which are: (1) to dismiss the verdict against it as a matter of law on the grounds that it was not acting as a “contractor” within the meaning of sections 240 and 241 of the Labor Law; (2) for judgment on its cross claim against Muratore for indemnification based upon a contract between the parties; and (3) as fourth-party plaintiff, to be indemnified by the fourth-party defendant, Die, also based upon their contract.
ISSUES
(1) Is it necessary that a party perform all of the functions of a general contractor to be held to the responsibilities imposed upon a “contractor” under sections 240 and 241 of the Labor Law?
(2) Does public policy preclude a party, which is only passively negligent, from being indemnified based on an express agreement with the actively negligent parties?
*508 DISCUSSION
Motion No. 1 — Tishman’s status.
Tishman contended that it was not acting as a general contractor but was simply an expediter on a construction project where plaintiff was injured as a direct result of the active negligence of Die and Mur atore. Consequently, it asserts that it is not subject to the absolute duties imposed upon “contractors, owners and their agents” by subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law, pertaining to “building construction, demolition and repair work.”
Although Tishman is labeled the “construction manager” in its contract with the Hospital for Joint Diseases and Medical Center, the owner of this premises, the duties actually assigned to and performed by Tishman in connection with this project, rather than any title assigned to it, are controlling for these purposes. In this connection, it should be noted that this contract “secures the services” of Tishman “to provide design consultation on the project; to monitor project costs ***; to schedule the project efficiently for both design development and construction phases ***; and to review the design of the project” in addition to enumerating 10 distinct categories under “Construction Manager’s Tasks”.
The pertinent statutory provisions require “[a]ll contractors and owners and their agents” engaged in building construction, demolition and repair work (A) to “give proper protection to a person *** employed” by them who uses scaffolding and similar devices (Labor Law, §240, subd 1) and (B) “to provide reasonable and adequate protection and safety to the persons employed [in all construction areas] or lawfully frequenting such places.” (Labor Law, § 241, subd 6.)
In my opinion, Tishman is aptly characterized here as a “contractor”, based upon the duties it contracted to do, and did actually perform, in that a contractor, whether a general contractor, supervising contractor or expediter, is the one who co-ordinates and/or supervises the project for an owner, assuming the on-the-job responsibilities of the owner as its alter ego.
*509 In the usual case, a general contractor is usually paid a lump sum for a complete job which includes the cost of all subcontracts and its profit, and it has the general and supervising responsibility for all the work done on the premises. However, the mere fact that contractor is not paid a lump sum to cover all these services it renders, but only a flat fee to supervise and be responsible for a project does not, in any respect, exclude it from any duties imposed upon a “contractor” by the Labor Law or the public policy underlying it. This is an absolute liability, thrust upon those in charge with the specific intent to provide a “safe place to work” for those lawfully on the work premises, whether as workmen or otherwise. It would defeat the purpose of the statute to allow a party substantially in charge of and supervising the entire job to thereby escape this responsibility, whether by a change of its title or an insignificant reduction in its duties simply because it does not have all the trappings of a general contractor. I find it interesting and noteworthy that the pertinent provisions of the Labor Law do not contain any definition of a “contractor” applicable hereto. I hold that Tishman is a contractor for purposes of this aspect of the Labor Law.
In any event, addressing the alternative statutory category of “owner’s agent” contained in these very Labor Law provisions, it is clear that Tishman did, nevertheless, actually function as the owner’s agent in connection with this project.
For these reasons, Tishman’s motion for dismissal of the jury verdict against it, based upon the Labor Law, is denied.
Motions Nos. 2 and 3 — Contractual indemnification.
The next issue presented is whether Tishman is entitled to 100% indemnification from both Muratore and Die based upon specific contractual provisions to that effect which the other defendants contend are void as being against public policy. Although Muratore and Die have attacked the respective indemnification clauses from different vantage points, both motions will be analyzed together since they are based upon identical contractual language and involve the same questions.
*510 The statutory prohibition, claimed to void the subject indemnification clauses, is contained in subdivision 1 of section 5-322.1 of the General Obligations Law which provides, in pertinent part, as follows: “1. A covenant, promise, agreement or understanding in *** a contract * * * relative to the construction, alteration, repair or maintenance of a building structure *** purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons *** caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable” (emphasis added).
The indemnification clauses in issue are contained in the contracts between Tishman and Muratore and Die, respectively, and are worded in this manner:
PERSONAL INJURIES — NON EMPLOYEES
“6. (c) The Contractor [Muratore and Die, respectively] shall properly guard its work and areas * * * to prevent any person * * * from being injured by it or by the condition of the Site, and shall in all respects comply with any and all provisions of the law * * * The Contractor agrees to indemnify and save harmless the Indemnitees against loss and expense by reason of the liability imposed by law upon the Indemnities for damages because of bodily injuries, *** sustained by any person or persons other than employees of the Contractor, whether or not the Indemnitees are negligent in such event.
PERSONAL, INJURIES — EMPLOYEES
“6. (d) The Contractor agrees to indemnify and save harmless the Indemnitees against loss and expense by reason of the liability imposed by law upon the Indemnitees for damages because of bodily injuries *** however such injuries may be caused, including, but not limited to such injuries as are caused by the sole or concurrent negligence of the Indemnitees, whether attributable to a breach of statutory duty *** or otherwise” (emphasis added).
*511 muratore’s position
Muratore seeks to avoid indemnifying Tishman by claiming that (1) since Tishman prepared the standard form contract quoted above, any ambiguities in this contract must be construed in Muratore’s favor, and (2) the cross complaint in this lawsuit does not require Muratore to indemnify Tishman for injuries to employees other than Muratore’s. The assertion that Tishman’s standard form contract defined their respective rights and obligations is, without more, insufficient to compel the resolution of any contractual ambiguities in Muratore’s favor. The nature of the proof required in this situation is set forth in detail in Levine v Shell Oil Co. (28 NY2d 205, 213), as follows: “In this arm’s length transaction the indemnification provision was a part of business relationship between the parties. If Visconti had reservations as to the scope of the agreement, he should have insisted on a different indemnification clause or refused to give his assent to the contract (see Ciofalo v. Vic Tanney Gyms, 10 N Y 2d 294). Since he apparently elected not to do so and has not demonstrated to this court that Shell was guilty of fraud or overreaching conduct, he is bound by the expression of intent in the lease.” (Emphasis added.) For these reasons, coupled with Muratore’s failure to demonstrate how the indemnification clauses are ambiguous, Muratore cannot avoid the clear terms in these clauses.
While it is true that the second cross claim asserted by Tishman against Muratore improperly relies upon clause (6) (d)’s indemnification for injuries to Muratore’s employees (the injured plaintiff is an employee of Dic’s), this cross claim is phrased in language broad enough (cf. paragraph Fifth’s “Among other things, the contract specifically provided” and paragraph Sixth’s “That by reason of the foregoing contract,”) to permit recovery thereunder, subject to the discussion that follows, based upon clause (6) (c) dealing with injuries to nonemployees of Muratore.
dic’s POSITION
Die, on the other hand, has attacked its indemnification clause with Tishman as being void and unenforceable under the terms of subdivision 1 of section 5-322.1 of the *512 General Obligations Law, an argument also imputed to Muratore herein. It should be noted, initially, that only clause (6) (d) from the subject contracts purports to indemnify Tishman for injuries caused by subdivision 1 of section 5-322.1 of the General Obligations Law’s “sole negligence” of Tishman, and even that clause includes indemnification for “such injuries as are caused by the sole or concurrent negligence of” Tishman. (Emphasis added.)
As stated in Hogeland v Sibley, Lindsay & Curr Co. (42 NY2d 153) absent a contract of adhesion, the agreement in question must be examined to determine whether the parties thereto expressed a clear intention to indemnify. In holding for indemnification, the Hogeland court stated (p 159) that “It suffices that the agreement between the parties connotes an ‘intention to indemnify [which] can be clearly implied from the language and purposes of the entire agreement’.” Not only is such an intention unmistakably present in our contracts, but these indemnification paragraphs are worded broadly enough to cover the particular factual situation that gave rise to this lawsuit. Similarly, as stated by the Court of Appeals in Gross v Sweet (49 NY2d 102, 108): “In such cases [involving exoneration clauses in indemnification agreements negotiated at arm’s length between sophisticated business entities], the law, reflecting the economic realities, will recognize an agreement to relieve one party from the consequences of his negligence on the strength of a broadly worded clause framed in less precise language than would normally be required, though even then it must evince the ‘unmistakable intent of the parties’” (emphasis added).
As noted in Hogeland (supra, at p 161), “the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance. Courts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public” (emphasis added). In this connection, both contracts with Tishman contain provisions requiring Muratore and Die, respectively, to maintain liability insurance “including Contractual Liability for Liability assumed under this contract and other indemnifying portions therein.” These insurance provi *513 sions confirm that the public interest is safeguarded regardless of the presence of the contracts’ indemnification clauses, which are not against public policy and void within the meaning of subdivision 1 of section 5-322.1 of the General Obligations Law.
Again, and of significance for public policy reasons, Tishman, as the would-be indemnitee, was the passive tort-feasor here, whereas both Muratore and Die were the only active tort-feasors. Ergo, Die’s public policy argument is robbed of much of its probative value under these facts and when viewed in the context of the rationale underlying it.
CONCLUSION
(A) The duties performed by Tishman in connection with the construction project bring it within the ambit of subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law, upon which Tishman’s liability herein is predicated. Therefore, Tishman’s motion for the dismissal of the jury verdict rendered against it is denied.
(B) Tishman’s motion for full contractual indemnification for its proportionate share of responsibility to plaintiff on its cross claim over against Muratore and its fourth-party action against Die is, for the reasons set forth above, granted.