OPINION OF THE COURT
Richard F. Kuhnen, J.
In these motions and cross motions for summary judgment the parties have raised two issues under section 240 of the Labor Law which are apparently of the first impression. Pleadings have been exchanged, depositions have been held, and plaintiff has provided a bill of particulars upon the demand of defendant Press Management Corp. (Press Management).
The essential facts are not in dispute.
Plaintiff was hired by defendant CC McK Food & Beverage Ltd. (CC McK) to install decorations in a portion of a building owned by Press Management. This portion of the building was leased or to be leased by Press Management to CC McK. CC McK intended to operate the property as a *871 restaurant. It was at liberty to alter the premises and did so. Alterations included the removal of a fireplace, removal of some walls and partitions, construction of a bar and relocation of entrances.
It is uncontradicted that, at a time contemporaneous with the above alterations, plaintiff was hired by CC McK to purchase and install 228 rolls of wallpaper, provide tablecloths, upholster booths and install aluminum blinds upon the leased premises. It is also uncontradicted that on November 17,1981, while attempting to install some of the wallpaper he was to provide, plaintiff fell from a ladder on the defendants’ premises. In his deposition plaintiff states that the ladder he was using was one he borrowed from a third party. He stated the ladder was one made for use upon stairs and that while he was using it upon the defendants’ stairs he “heard a metallic noise and the ladder just disappeared out from under [him]”. Plaintiff also states the ladder “went in two directions”.
Plaintiff now seeks to recover for the injuries he allegedly sustained in that fall. He relies solely upon section 240 of the Labor Law which provides, in pertinent part, that “[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor * * * ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
Defendants first urge that as plaintiff was solely installing wallpaper at the time of the accident, he was not of the class of laborers to be protected under section 240. Research has disclosed no case which has declared a paperhanger to be within or without the scope of the section. However, the court does not hesitate to declare, under the uncontradicted circumstances presented in this case, that this plaintiff is so protected. Of note is the case Struble v John Arborio, Inc. (74 AD2d 55). In that case the court held that a person who fell from a catwalk while dismantling a crane was entitled to protection of the statute. The court *872 noted {supra, p 57), “That the particular work was being performed at a distance from the site of immediate construction is of no consequence, as it is certain that the work was necessitated by virtue of the machine having been used in the construction and was incidental to its movement from the construction area (see Ploof v B.I.M. Truck Serv., 53 AD2d 750).” In Ploof the same court noted that the intent of section 240 of the Labor Law “is to seek extra protection for workmen working on any structure who use dangerous equipment, as defined in the statute, such as scaffolds, hoists, ladders, pulleys and ropes” (53 AD2d 750, 751, mot for lv to app den 40 NY2d 803). Thus there is some recognition that the Legislature did not intend to solely protect only those employed in the particular types of work enumerated. Rather the Legislature looks to protect a general class of work involving the use of scaffolds and ladders. In the present case, the fact that the particular work was not specifically included by name does not prevent its inclusion by intent. Here the paperhanging was as much a part of the alterations of the building as the removal of the fireplace, doors and walls. The wallpapering was both necessary and incidental thereto. As such we have no doubt that this plaintiff is entitled to the statute’s protection and defendant CC McK’s cross motion is denied.
Defendant Press Management asserts that it should be granted summary judgment as it did not supervise, direct or control the work to be performed. However, such a defense has long since been abandoned by the amendment of section 240 in 1969 (L 1969, ch 1108). That amendment substantially changed the statute to impose liability upon a new category, owners (see Rocha v State of New York, 45 AD2d 633, 635, mot for lv to app den 36 NY2d 642). Although no definition of “owner” is found in article 10 of the Labor Law, the Appellate Division, Second Department, has cited section 315 of the Labor Law as providing some direction as to the scope of the term (see Cardile v D’Ambrosia, 72 AD2d 544). That section defines an owner as the owner of the premises, the lessee or the agent in charge of the property. Press Management urges that as it had entered into a lease of the property and the lessee in fact was the party which supervised and arranged the *873 alterations, Press Management should be absolved of all responsibility towards plaintiff. The issue is also one apparently of the first impression. However, resort to the clear, broad language of the statute requires the conclusion that the phrase “all” owners includes the owners in fee even when the property is rented by another. Prior to the 1969 amendment, section 240 had come to be construed “as requiring that an owner or general contractor actually had to have exercised control or supervision before either could be held responsible” (Haimes v New York Tel. Co., 46 NY2d 132, 136). The Legislature, however, changed that course by the 1969 amendment. “In calling a halt to its earlier backtracking, the Legislature minced no words. Referring expressly to both section 240 and section 241, its stated purpose in redrafting these statutes was to fix ‘ultimate responsibility for safety practices * * * where such responsibility actually belongs, on the owner and general contractor’ (NY Legis Ann, 1969, p 407)” (supra, p 136).
Press Management’s motion for summary judgment is therefore denied.
Turning now to plaintiff’s cross motion for summary judgment, at the outset it is noted that the “motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party” (CPLR 3212, subd [b]). It has long been established that to adequately oppose a motion for summary judgment a party must “lay bare” its proof where the movant’s papers establish a prima facie basis for the grant of the motion (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:16, pp 436, 437; see, e.g., Belden-Stark Brick Corp. v Rosen & Sons, 39 AD2d 534, affd without opn 31 NY2d 884).
In the present case, plaintiff has established that, while working upon the defendants’ premises as a person entitled to the protection of section 240 of the Labor Law, the ladder he employed collapsed beneath him. Defendants have failed to present evidence which in any way raises a factual dispute as to the happening of the accident or its actual *874 cause. Plaintiff’s motion for summary judgment is therefore granted (cf. Long v Murnane Assoc., 68 AD2d 166, mot for lv to app dsmd 48 NY2d 776).