■ REYNOLDS METALS COMPANY, Respondent, v EM'S SUPPLY COMPANY, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered December 21, 1982 in Schenectady County, which granted plaintiff's motion for summary judgment and dismissed defendants' defenses and counterclaim. Plaintiff Reynolds Metals Company, a Delaware corporation duly authorized to do business in New York, manufactures aluminum products which defendant Em's Supply Company, Inc. (hereinafter Em's), a New York corporation, wholesaled and retailed in Schenectady County. On December 16, 1973, defendant Emerson Tuttle executed a written guarantee promising to pay any and all indebtedness of Em's arising from any extension of credit for sale of goods that have been or may be credited or sold by plaintiff to Em's. Between September 9, 1980 and January 19, 1981, plaintiff sold and shipped to Em's three separate orders of aluminum siding. The balance on these orders amounted to $15,197.18. According to the terms on the invoices, payment was due for the shipped merchandise within 30 days. Plaintiff never received payment and it notified Em's of the delinquent balance in both February and March, 1981. When it became obvious that payment was not forthcoming, plaintiff commenced this action on August 27, 1981 by service of a summons and verified complaint. Plaintiff sought $15,197.18 in damages against Em's for the unpaid merchandise and $15,197.18 in damages against Tuttle as guarantor. Issue was joined on September 22, 1981 when defendants served their verified answer, consisting of a general denial and three affirmative defenses: (1) that the complaint failed to state a cause of action; (2) that defendants attempted to return previously purchased merchandise valued in excess of $20,000 to plaintiff because it was defective, obsolete, and unsaleable, but that plaintiff refused to accept delivery; and (3) that plaintiff knowingly changed its product line after selling defendants the merchandise. Furthermore, defendants counterclaimed against plaintiff for $100,000 in damages that defendants sustained for storage costs incurred for the unsaleable merchandise and for loss of sales to competitors who plaintiff supplied with the new product line. After issue was joined and discovery by way of interrogatories was conducted, plaintiff moved for summary judgment and for an order pursuant to CPLR 3211 dismissing defendants' counterclaim for failure to state a cause of action. In opposition to this motion, defendants submitted an affidavit of defendant Emerson Tuttle. This affidavit contained a substantial change with respect to defendants' position in this matter. Originally, defendants' position, as set forth in their answer and counterclaim, was that plaintiff had knowingly changed its product line after making substantial sales to defendants of what then became obsolete and unsaleable merchandise and that plaintiff provided the newer product line to defendants' competitors, presumably in breach of defendants' alleged exclusive distributorship agreement with plaintiff. Tuttle's affidavit in opposition to the summary judgment motion abandons this position, however, and instead states that there had been an oral agreement in April, 1977 between defendants and plaintiff's

representatives, whereby defendants would keep the old product line, attempt to sell it and, if they were unable to, they would be given credit for it. Tuttle contends that it was not until plaintiff reneged on this "sale or return" for credit agreement that defendants refused to pay for their orders made during the period in question. Special Term granted plaintiff's motion for summary judgment and dismissed defendants' counterclaim. This appeal ensued. Plaintiff satisfied its burden as the proponent of summary judgment by submitting in its motion papers the guarantee of payment agreement signed by Tuttle, the unpaid invoices constituting its claim which each state that payment is due within 30 days, and the affidavit and reply affidavit of plaintiff's service centers and warehouse credit division manager. The manager states from personal knowledge the terms under which the subject merchandise was ordered, that defendants failed to comply with section 2-602 of the Uniform Commercial Code by giving plaintiff timely notice of any nonconforming goods or rejection, and that all sales were on an outright sale basis and not on a "sale or return" basis. Having sustained its burden on the summary judgment motion, it was incumbent upon defendants to come forward with sufficient proof to establish the existence of triable issues (see *Middle States Leasing Corp. v Manufacturers Hanover Trust Co.*, 62 AD2d 273, 276; *Belden-Stark Brick Corp. v Rosen & Sons*, 39 AD2d 534, 535, affd 31 NY2d 884). This they failed to do. A review of the record reveals that defendants totally failed to submit evidentiary facts or materials furnishing prima facie support for their defenses and counterclaim. Accordingly, plaintiff's motion was properly granted (see *Belden-Stark Brick Corp. v Rosen & Sons, supra*). In so deciding, we note that subdivision (4) of section 2-326 of the Uniform Commercial Code, in situations such as this, requires that "sale or return" agreements must be in writing to be enforceable. Defendants assert that the "sale or return" agreement was oral. Although defendants do not contest the applicability of this section to the instant case, they contend that plaintiff waived its right to assert an argument based on section 2-326 of the Uniform Commercial Code since it failed to assert the Statute of Frauds in any of its pleadings. Defendants' contention is without merit in the present case because defendants failed to allege the existence of a "sale or return" agreement until they submitted their affidavit in opposition to summary judgment. Plaintiff raised the application of subdivision (4) of section 2-326 of the Uniform Commercial Code and the Statute of Frauds in its reply to defendants' affidavit, that being the first opportunity it had to do so. We have examined defendants' remaining contentions and find them to be without merit. The order should, therefore, be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.