RENFORD KERR et al., Respondents-Appellants, v ROCHESTER GAS AND ELECTRIC CORP., Appellant-Respondent, and CH2M HILL NEW YORK, INC., Respondent.

Fourth Department, December 20, 1985

**APPEARANCES OF COUNSEL**

*Osborn, Considine, Reed, Van De Vate & Burke (John J. Considine, Jr.,* of counsel), for appellant-respondent.

*Bernard Gastel* for respondents-appellants.

*Connors, Corcoran, Hall & Meyering (Eileen Buholtz* of counsel), for respondent.

**OPINION OF THE COURT**

BOOMER, J.

This appeal presents two questions concerning the liability imposed by Labor Law §§ 240 and 241: (1) is an owner and lessor of property who does not hire or control the contractor responsible under the statutes to a worker injured as a result of unsafe conditions at the construction site; and (2) under the facts presented, is an engineer, hired by the lessee to supervise the construction of the lessee's building, deemed an "agent of the owner" within the meaning of the statutes and, thus, responsible to the injured worker?

Defendant Rochester Gas and Electric Corporation, the owner and lessor, appeals from an order denying its motion for summary judgment seeking to dismiss the complaint, and the injured worker, Renford Kerr, and his wife, Sandra, appeal from that part of the order dismissing their complaint against CH2M Hill New York, the supervising engineer.

The motion papers set forth the following undisputed facts. By written agreement, defendant Rochester Gas and Electric Corporation leased certain vacant land near its electric power plant to the County of Monroe. Under the terms of the lease, the county was to construct and maintain a plant for the processing of refuse and for the production of refuse-derived

fuel to be sold to defendant Rochester Gas and Electric Corporation. The County of Monroe selected the general contractor for the work and employed defendant CH2M Hill New York to provide engineering services for the project.

During the course of the construction, plaintiff Renford Kerr, a carpenter employed by the general contractor, sustained injuries when he fell though an improperly guarded hole in the roof of the building, and he brought this action against Rochester Gas and Electric Corporation and CH2M Hill New York, alleging that his injuries were caused by the negligence of the defendants in failing to provide the plaintiff a safe place to work as required by the Labor Law. Thus, the complaints charge the defendants with violating Labor Law §§ 240 and 241, which direct that "[a]ll contractors and owners and their agents" provide certain safeguards for the protection of construction workers.

Defendant Rochester Gas and Electric Corporation, in support of its motion to dismiss the complaint, argued that as a lessor it is not an "owner" within the meaning of sections 240 and 241 since it did not hire the contractor and had no control over its work.

In support of this argument, counsel relied primarily upon our language in the case of *Sweeting v Board of Coop. Educ. Servs.* (83 AD2d 103, 114, *lv denied* 56 NY2d 503). In *Sweeting (supra)*, we stated: "The 'owners' contemplated by the Legislature are those parties with a property interest who hire the general contractor to undertake the construction work on their behalf (see NY Legis Ann, 1969, pp 407-408). It is the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed. It is the *right* to control the work that is significant, *not* the actual exercise or nonexercise of control. The Legislature could not have intended to impose vicarious liability on parties who had no power to choose responsible subcontractors or to influence their safety practices, when the primary purpose of the statute was to protect workers by encouraging owners and general contractors to insist on adherence to safety rules * * * Despite the fact that Lennox was the legal titleholder, it had no contractual relationship with the general contractor or the subcontractors and thus had no power to insist that safety measures be followed * * * Ballard, as the only party with a property interest and the right to insist on safety practices was, therefore, the 'owner' for purposes of section 241 of the Labor Law."

Thus, Rochester Gas and Electric Corporation contends that a two-prong test must be employed in defining the term "owner" as used in sections 240 and 241; that an owner must not only have a property interest, but must also be the one who hires the contractor that constructs the building.

■ The opinion in *Sweeting (supra)*, however, was written before the Court of Appeals decided the case of *Celestine v City of New York* (59 NY2d 938, *affg for reasons stated at App Div* 86 AD2d 592). There, the City of New York and the New York City Transit Authority constructed a subway line partially on an easement they acquired under the lands of the defendant Long Island Railroad. The city and the Transit Authority hired the general contractor whose employee was injured on the construction site. In finding that the Long Island Railroad was the owner within the meaning of Labor Law § 241, the court stated: "As the grantor of an easement, the LIRR still remained the owner of the fee * * * Subdivision 6 of section 241 of the Labor Law, as it existed when this accident occurred * * * made no distinctions based on encumbrances of any sort on ownership. * * * The purpose of the 1969 amendment to section 241 of the Labor Law was to impose a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety to persons employed in construction * * * work, regardless of the absence of control, supervision or direction of the work *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290)." *(Celestine v City of New York,* 86 AD2d 592, 593, *supra.)* This case undermines Rochester Gas and Electric Corporation's argument that to be liable under sections 240 and 241, the owner must hire the general contractor.

Later, in *Copertino v Ward* (100 AD2d 565, 567), the Appellate Division commented upon its holding in *Celestine:* "In *Celestine* we held that the titleholder was an 'owner' under subdivision 6 of section 241 of the Labor Law even though the property upon which the injury occurred was subject to easements. In other words, both the owner of the fee and the grantees of the easement could be found liable, pursuant to section 241 of the Labor Law, as 'owners' of the construction site." See further, *Glielmi v Toys "R" Us* (94 AD2d 663, *affd* 62 NY2d 664) and *Katz v Press Mgt. Corp.* (117 Misc 2d 870), where the owners-lessors, as well as the lessees, were found responsible under Labor Law § 240, even though the lessees and not the lessors hired the contractors and supervised the work. "[R]esort to the clear, broad language of the statute

requires the conclusion that the phrase 'all' owners includes the owners in fee even when the property is rented by another." *(Katz v Press Mgt. Corp., supra,* p 873.)

In view of *Celestine (supra),* we can no longer say, as we did in *Sweeting (supra),* that the Legislature could not have intended to impose vicarious liability upon parties who do not hire the contractor or control the work. It may well have been the intention of the Legislature to impose the unconditional obligation upon the owner of the fee as a party likely to have the financial responsibility to respond to a judgment in favor of the injured worker. A contrary interpretation of Labor Law §§ 240 and 241, excusing an owner-lessor from liability to an injured construction worker where the owner-lessor reserves no right to hire the contractor or control the work, would leave the injured worker with no recourse should the lessee and contractor lack the means to satisfy a judgment. Moreover, it is within the control of the fee owner, when he conveys a leasehold or other partial interest in the property, to select responsible grantees and to impose conditions in the conveyance concerning construction upon the premises.

Under the precedent set by the Court of Appeals in *Celestine (supra),* the conclusion is inescapable. Rochester Gas and Electric Corporation is an "owner" within the meaning of Labor Law §§ 240 and 241, even though it did not employ the contractor and had no right to supervise the work.

■ The cause of action against defendant CH2M Hill New York presents a different question. Unlike the case of an "owner", to impose liability upon an "agent" under sections 240 and 241 for injuries to workers "regardless of the ability to direct, supervise and control those workers would lead to improbable and unjust results and would directly contravene the express legislative history accompanying the 1969 amendments to these provisions." Thus, "[o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241." *(Russin v Picciano & Son,* 54 NY2d 311, 318.)

Defendant Hill had no authority to supervise and control the injured worker, nor did it have authority to direct the construction procedures or safety measures employed by the general contractor. The contract between the County of Monroe and Hill provides for the furnishing of a construction manager "to monitor the construction on a continuing daily

basis, to ensure compliance with the contract documents." The agreement expressly provides that "CH2M Hill shall act as the Owner's representative during construction of the facility, but CH2M Hill shall not direct or supervise the Contractors' personnel or operate or directly use equipment. The Contractors shall be responsible for all construction procedures and safety precautions on the project. CH2M Hill does not assume any accountability for OSHA, safety, or other local, state or federal code violations by the Contractors or the Owner."

We hold, therefore, that lacking authority to supervise the work of the injured employees, and in the absence of a delegation of responsibility for safety precautions, defendant Hill is not liable as an "agent" under Labor Law §§ 240 or 241.

In accord with our determination is *Conti v Pettibone Cos.* (111 Misc 2d 772, *affd* for reasons stated by Justice Egeth, 90 AD2d 708). There, the contract between the owner of the construction site and the defendant engineer provided that the defendant was to provide resident engineering services "to assure that the completed construction conforms in all respects to the plans, specifications and requirements of the contract and to good construction practice." *(Conti v Pettibone Cos., supra,* p 774.) As shown by the record on appeal, the contract, similar to the one in our case, provided that it was the responsibility of the construction contractor and not the responsibility of the engineer to determine the means and methods of construction. The court held that the engineer "was not an agent with the over-all authority envisioned by the statute", and was not responsible under Labor Law §§ 240 and 241 *(Conti v Pettibone Cos., supra,* p 780).

Also in accord is *Welch v Grant Dev. Co.* (120 Misc 2d 493, 496), where the supervising architect's agreement with the owner provided that the "[a]rchitect will not be responsible for and will not have Control or Charge of Construction, means, methods * * * or procedures, or for safety precautions and programs in connection with the Work", but that these were the duties of the contractor. The court held that because of the "absence of the contractual right to supervise and control the construction work, as well as site safety, the architect cannot be held liable for the death of the plaintiff's decedent", nor could he be held liable under Labor Law § 241 as an "agent" since he "had no duty or power to supervise and control the work. These obligations were specifically reserved

to the general contract." *(Welch v Grant Dev. Co., supra,* pp 498-500.)

In the cases of *Kenny v Fuller Co.* (87 AD2d 183, *lv denied* 58 NY2d 603) and *Carollo v Tishman Constr. & Research Co.* (109 Misc 2d 506), the "construction managers" hired by the owners were determined to be "agents" within the meaning of Labor Law §§ 240 and 241. The facts in these cases may be distinguished, however. In *Kenny (supra),* the managing agent was obligated by the contract with the owner to recommend the establishment and implementation of a comprehensive safety program, and to maintain coordination among the owner, architect and the various contractors and itself concerning all aspects of the project, and regularly observe the work being performed by the contractors by inspecting the site for the purposes of controlling quality, coordination, expedition and reporting construction progress. In addition, the contract between the owner and the contractor provided that "in the performance of [this] work the Owner shall be represented by [the] George A. Fuller Company" *(Kenny v Fuller Co., supra,* p 190). As a result of the all-inclusive delegation of authority over "all phases of the construction project", including safety problems, and the designation of Fuller as the owner's representative, the court held that Fuller "had the undoubted authority to 'supervise and control' [the] aspect of the work" that caused plaintiff's injuries and was the owner's "agent" *(Kenny v Fuller Co., supra,* p 190).

In *Carollo (supra),* the contract obligated the "construction manager" to " 'schedule the project efficiently for both design development and construction phases' * * * in addition to enumerating 10 distinct categories under 'Construction Manager's Tasks.' " "[B]ased upon the duties [the construction manager] contracted to do, and did actually perform", and because it assumed the "on-the-job responsibilities of the owner as its alter ego", the court held that the construction manager was a "contractor" as well as the "owner's agent" as those terms are used in the Labor Law *(Carollo v Tishman Constr. & Research Co., supra,* pp 508-509).

Here, because of the limited powers and responsibilities delegated to defendant Hill, it cannot be considered the owner's agent with the responsibility to comply with the safety requirements of Labor Law §§ 240 or 241. Accordingly, the order of Special Term denying the motion of defendant Rochester Gas and Electric Corporation and granting the motion of defendant Hill should be affirmed.

DOERR, J. P., O'DONNELL, PINE and SCHNEPP, JJ., concur.

Order unanimously affirmed, without costs.