**Burton DODGE, Plaintiff,**

v.

**WEST HARLEM PORK CENTER, LTD., Service Sign Erectors, Inc. and Gress Realty Corp., Inc., Defendants.**

**SERVICE SIGN ERECTORS, INC., Third-Party Plaintiff,**

v.

**ALLIED OUTDOOR ADVERTISING, INC., Third-Party Defendant.**

No. 84 Civ. 3337 (LLS).

United States District Court, S.D. New York.

March 31, 1986.

---

9. Plaintiff did not introduce, nor does this Court find, evidence that defendant engaged in unfair competition.

10. 17 U.S.C. § 505.

David Jaroslawicz, New York City, for plaintiff.

Morgan, Melhuish, Monaghan, Meyer, Avidson, Abrutyn & Lisowski, New York City, for defendant Gress Realty Corp., Inc.; Thomas A. Martin, of counsel.

STANTON, District Judge.

Burton Dodge sues West Harlem Pork Center, Ltd., Service Sign Erectors, Inc. ("Service Sign"), and Gress Realty Corp., Inc. ("Gress") for damages suffered when he fell from a billboard in the course of his employment. Jurisdiction is based upon diversity·of citizenship, 28 U.S.C. § 1332. Gress moves for summary judgment.

The essential facts are not in dispute. In August, 1974 Gress leased roof space on a building it owned in New York City to Allied Outdoor Advertising, Inc. ("Allied"), plaintiff's employer. The lease agreement provided that Allied would place an advertising sign on the roof. Allied hired Service Sign to build the sign structure. On April 24, 1981 Mr. Dodge, while working

for Allied, fell off the sign structure as he was changing the advertisement. (Aff. of Samuel Schneeweiss, ¶¶ 1–5; Plaintiff's Memorandum at 2.)

Gress and the plaintiff agree that the only basis for Gress' liability is as an owner under N.Y. Labor Law § 240(1). (Gress' Memorandum at 1–2; Plaintiff's Memorandum at 3.) That statute provides, in relevant part:

> All ... owners and their agents ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Section 240(1) imposes absolute liability on owners of property upon which a violation of the statute occurs, *Crawford v. Leimzider*, 100 A.D.2d 568, 473 N.Y.S.2d 498, 500 (1984), and the term "owner" is broadly construed to include lessors, *Katz v. Press Management Corp.*, 117 Misc.2d 870, 459 N.Y.S.2d 383, 385–386 (Sup.Ct.1983), lessees, *Buonassisi v. Sears, Roebuck & Co.*, 43 A.D.2d 701, 350 N.Y.S.2d 5, 7–8 (1973), and easement holders, *Copertino v. Ward*, 100 A.D.2d 565, 473 N.Y.S.2d 494, 497 (1984).

The term has never been interpreted so broadly, however, as to include one who has no title, possessory or beneficial interest ·in a structure. Under the lease agreement Allied had complete ownership of the sign structure, and was obliged to remove it from Gress' building at the end of the lease term. (Schneeweiss Aff., Exh. A, ¶ 18.) Gress had no ownership interest in the sign, and such an interest does not arise vicariously simply because the structure was attached to Gress' property. Indeed, it is well settled that a lessor has no ownership interest in equipment attached to the leased premises by a lessee who intends to remove it upon termination of the lease. *See e.g., Arlow v. Vinyl Mas-*

*ters, Inc.*, 61 A.D.2d 994, 402 N.Y.S.2d 649, 651 (1978); *Belinky v. State*, 24 A.D.2d 908, 264 N.Y.S.2d 401, 402 (1965).

Here the relevant "structure" is the billboard, not the roof of the building. No repairs were being done on the roof. Plaintiff was working on the billboard, not on the roof itself. Allied was the sole owner of the sign structure from which the plaintiff fell. Gress was not an "owner" of the sign as that term is used in § 240(1). Since there is no issue of material fact to be tried as to Gress, and since Gress is entitled to judgment as a matter of law, Gress' motion for summary judgment is granted. *Town of Orangetown v. Ruckelshaus*, 740 F.2d 185, 190 (2d Cir.1984); *Seymore v. Reader's Digest Ass'n Inc.*, 493 F.Supp. 257, 262 (S.D.N.Y.1980).

So ordered.