U.S. Specialty Ins. Co. v SMI Constr. Mgt., Inc. (2019 NY Slip Op 00061)





U.S. Specialty Ins. Co. v SMI Constr. Mgt., Inc.


2019 NY Slip Op 00061


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


652305/14 -5250

[*1] U.S. Specialty Insurance Company, Plaintiff-Appellant,
v
SMI Construction Management, Inc., Defendant-Respondent.


DLA Piper LLP (US), New York (Aidan M. McCormack of counsel), for appellant.
Rosenberg & Pittinsky, LLP, New York (Laurence D. Pittinsky of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 19, 2016, which denied plaintiff's motion for summary judgment declaring that it has no obligation to defend or indemnify defendant in the underlying personal injury action and awarding it reimbursement for defense costs, unanimously affirmed.
Issues of fact exist and discovery is warranted as to whether defendant performed as the construction manager on the project and therefore is subject to the insurance policy's exclusion for "Construction Management for a Fee." "The label of construction manager versus general contractor is not necessarily determinative," and this determination depends on the duties defendant was assigned and performed (Rodriguez v Dormitory Auth. of the State of N.Y., 104 AD3d 529, 530 [1st Dept 2013], quoting Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]; see also Carollo v Tishman Constr. & Research Co., 109 Misc 2d 506, 508—509 [Sup Ct, NY County 1981]). The relevant contract describes defendant's duties in relation to the project owner as, inter alia, supplying an adequate supply of workers and materials and performing the work. Defendant's owner characterized defendant as both a construction manager and a general contractor, and described its work on the project as "the total supervision of ... the construction," the provision of some laborers, and supervision of maintenance and carpentry. Moreover, the contract is divided into two phases - preconstruction and construction - and defendant performed services at the inception of the project, such as working with the owner, architect, and engineer, and when the work was ready to proceed, obtained permits, hired and paid the subcontractors, and allegedly acted as a general contractor.
In addition, although defendant performed for a fee, the budget attached to the contract suggests that the fee was based in part on profit. Specifically, the fee in the contract refers to the budget attached as Exhibit A to the contract. The budget, in turn, includes an amount of $1,042,918 payable to defendant for "profit and overhead." This evidence raises issues of fact as to whether defendant performed as the functional equivalent of a general contractor and whether it was being compensated on a cost-of-work-plus-profit-basis. We note that these facts distinguish this case from Houston Cas. Co. v Cavan Corp. of NY, Inc. (158 AD3d 536 [1st Dept 2018]), in which the third-party plaintiff was compensated by a flat fee plus reimbursement for overhead and staffing expenses.
Plaintiff failed to detail how it was prejudiced by defendant's alleged 51-day delay in providing notice of the underlying accident (see Insurance Law § 3420[a][5]). Its claim that, had it known that defendant was a construction manager, it would not have issued the policy, and thus coverage would be barred as a matter of law, was raised for the first time on appeal and is an unreviewable factual argument. A determination as to primacy of coverage is premature absent a liability determination, and in any event plaintiff may still be obligated to defend under its policy.
M-5250 - U.S. Specialty Insurance Company v
SMI Construction Management, Inc.
Motion to file surreply
denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK