TOWN OF ORANGETOWN, Plaintiff,

v.

Anne M. GORSUCH, et al., Defendants.

No. 81 Civ. 1147.

United States District Court,
S. D. New York.

July 26, 1982.

Winer, Neuburger & Sive, New York City, for plaintiff; David Sive, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., New York City, for defendant Anne M. Gorsuch; Gaines Gwathmey, III, Asst. U. S. Atty., New York City, of counsel.

Clune, White & Nelson, Harrison, N. Y., for defendant Town of Clarkstown; Joseph A. Maria, Harrison, N. Y., of counsel.

Berle, Butzel, Kass, & Case, New York City, for defendant Rockland County Sewer Dist. No. 1; Peter A. A. Berle, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for defendant Robert Flacke; Ezra I. Bialik, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

Defendant moves to dismiss plaintiff's complaint for failure to state a claim. Except as to plaintiff's third claim for relief, defendant's motion is denied. As to plaintiff's third claim, defendant's motion is granted.

Plaintiff, the Town of Orangetown ("Orangetown"), is a municipality in Rockland County. A sewage treatment plant is located there. By this suit for declaratory and injunctive relief, plaintiff seeks to prevent the expansion of that plant.

Plaintiff has named as defendants in this action a number of local, state, and federal parties who play a role in the expansion of the plant. The motion before me today has been brought by only one of those defendants, Robert Flacke, the Commissioner of the New York Department of Environmental Conservation (the "state defendant"). Pursuant to a stipulation endorsed by this court on July 9, 1981, Commissioner Flacke is now before me only in his official capacity.

The sewage treatment plant in Orangetown presently services not only Orangetown itself but also the neighboring Rockland County communities of Ramapo and Clarkstown. Domestic, commercial, and industrial sewage from these three communities flows across the County to the plant in Orangetown where it is treated. Plaintiff contends that the existing plant is already a public nuisance and that the expansion of the plant will only aggravate that nuisance by encouraging further development in the

County and thereby increasing the burden on the Orangetown plant and its environs.

Plaintiff's attack challenges the funding of the proposed expansion. Construction of sewage treatment facilities is a costly undertaking. Plaintiff estimates that the total cost of the Orangetown expansion will reach approximately $120 million with funding to be provided from federal, state, and local revenues. Combined, the federal and local contributions to the plant will total $100 million.

The Environmental Protection Agency will administer the federal contribution to the Orangetown plant. Where the EPA administers a program such as the Orangetown expansion, it provides money in three stages. At Stage One a grant is provided for facilities planning; Stage Two funds the preparation of construction drawings and specifications; construction funds are provided by a Stage Three grant. Plaintiff seeks to cut off the expansion of the Orangetown plant at Stage Two.

The essence of this lawsuit, thus, is the allegation that defendants cannot move forward with the expansion of the plant because defendants have not complied with the requisite federal and state environmental requirements and because the plant constitutes a continuing public nuisance.

Plaintiff asserts four claims for relief. First, plaintiff alleges that defendant violated the National Environmental Protection Act, 42 U.S.C. § 4331, *et seq.*; second plaintiff alleges a violation of the Clean Water Act, 33 U.S.C. § 1281, *et seq.*; plaintiff's third claim alleges a violation of the New York State Environmental Quality Review Act, ECL § 8–0101, *et seq.*; plaintiff's final claim alleges that the proposed expansion of the plant will constitute a public nuisance.

Before me is the state defendant's motion to dismiss plaintiff's suit as it applies to him in his official capacity. Flacke contends that the Eleventh Amendment bars the prosecution of all of plaintiff's claims in federal court and, moreover, that plaintiff is prohibited from bringing any of its claims as *parens patriae* for its residents. As to plaintiff's individual claims for relief, the state defendant contends: first, that plaintiff's first and second claims must be dismissed pursuant to Rule 12(b)(6); second, that plaintiff's third claim for relief must be dismissed because it was filed beyond the applicable four-month limitations period set forth in Section 217 of the New York Civil Procedure Law and Rules; and, third, that plaintiff's fourth claim for relief must be dismissed because the alleged public nuisance has been caused not by the proposed expansion but by the past operation of the existing plant. I consider each of state defendant's arguments *seriatim*.

### A. The Eleventh Amendment does not bar equitable relief as against the state defendant.

In Flacke's motion papers as first filed with this court, he contended that the Eleventh Amendment barred all of the remedies sought by plaintiff, *e.g.*, money damages, and injunctive and declaratory relief. Since that date, however, the parties have agreed to drop the fifth claim alleging money damages, thus limiting plaintiff's claims against the state defendant to those alleging equitable relief. Flacke nevertheless continues to contend that the Eleventh Amendment bars relief.

The Eleventh Amendment however, does not bar a federal court from granting prospective equitable relief as against a state official. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Moreover, "[i]t has long been familiar doctrine ... that the Eleventh Amendment does not prevent a federal court from directing a State official to bring his conduct into conformity with federal law." *Byram River v. Village of Port Chester*, 394 F.Supp. 618, 628 (S.D.N.Y.1975).[1]

---

1. State defendant has mistakenly relied on the broad principle as repeated in the *Byram River* case that, "In an action against a State the Eleventh Amendment acts as an absolute bar to suit unless the State has waived its immunity." *Byram River, supra* at 624. While that statement is undeniably true it makes no comment about suits brought against state officials.

108

*B. While Plaintiff may not assert any claims as parens patriae, it may still maintain this action in order to vindicate its own proprietary rights.*

■ As a second ground for dismissing this action as to him entirely, Flacke lists plaintiff's inability to bring suit as *parens patriae.* While I agree that plaintiff may not maintain this action as *parens patriae* it may do so to protect its own proprietary rights.

Under the common law concept of *parens patriae,* the federal and state governments have traditionally been vested with the power and duty to bring suits in order to vindicate interests of their citizens. Conversely, "political subdivisions such as cities and counties, whose power is derivative and not sovereign, cannot sue as *parens patriae* ...." *In re Multidistrict Vehicle Air Pollution M.D.L. No. 31,* 481 F.2d 122, 131 (9th Cir. 1973). State defendant is therefore correct that plaintiff cannot maintain this action as *parens patriae,* but plaintiff is not thereby totally disabled from maintaining this action. Paragraph Three of the complaint states that "Orangetown brings this suit acting on its own behalf and as *parens patriae* for its residents." Thus, even assuming that plaintiff cannot bring this action on behalf of its residents, plaintiff's claims nevertheless survive because political subdivisions such as cities and counties may "sue to vindicate such of their own proprietary interests as might be congruent with the interests of their inhabitants."

*C. Plaintiff's first and second claims state claims upon which relief can be granted.*

■ Defendant next argues that plaintiff's first and second claims must be dismissed because the relief sought can be provided only by the federal defendants. *See Ely v. Velde,* 451 F.2d 1130, 1139 (4th Cir. 1971).

On the contrary, "[i]t is well settled that non-federal parties may be enjoined, pending completion of an EIS, where those enti-

*See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441,

ties have entered into a partnership or joint venture with the Federal Government, and are thus recipients of federal funding." *Biderman v. Morton,* 497 F.2d 1141, 1147 (2d Cir. 1974). The state defendant is such a partner of the federal defendants in the sewage treatment plant; it is a recipient of federal funds for the completion of the plant. Adequate relief for plaintiff, if it is to be granted, necessarily must reach all members of the Orangetown venture. Therefore, I conclude that plaintiff may maintain its first and second claims for relief against state defendant.

*D. Plaintiff's state law claims are barred by the statute of limitations.*

State defendant next contends that plaintiff's third claim for relief pursuant to SEQRA should be dismissed because under the applicable four-month limitations period plaintiff's claim is time-barred. I concur both with defendant's choice of a limitations period and with the conclusion that plaintiff has failed to timely assert this claim.

■ Plaintiff's third claim for relief raises a state law issue. Where state-created rights are being contested, the limitations period is governed by state statute. *See, e.g., Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In this instance, the appropriate statute is Section 217 of the New York Civil Procedure Law and Rules which allows that proceedings against a state officer must be commenced "within four months after the determination to be reviewed becomes final and binding ...."

■ On September 11 and 12, 1980, the state defendant submitted and certified the application attendant to the Orangetown plant to the Grants Administration Branch of the EPA. That activity concluded the state defendant's obligations pursuant to SEQRA, and the commencement of the action in February, 1981, was beyond the statute of limitations. The claim is therefore barred. *Reizel, Inc. v. Exxon Corp.,* 42

52 L.Ed. 714 (1908).

A.D.2d 500, 349 N.Y.S.2d 14, 20 (2d Dept. 1973), *aff'd* 36 N.Y.2d 888, 372 N.Y.S.2d 644, 334 N.E.2d 594 (1975).

■ Finally, defendant contends that plaintiff's ·fourth claim for relief must be dismissed because the challenged conduct cannot be attributed to the state defendant and because a town "may not bring an action to restrain a public nuisance which causes damage *to the private property of its citizens." New York Trap Rock v. Town of Clarkstown*, 299 N.Y. 77, 83, 85 N.E.2d 873 (Ct.App.1949) (emphasis in original).

While plaintiff's fourth claim for relief, as it applies to the state defendant, is not a model of drafting expertise, plaintiff does allege that "The operation of the County plant constitutes and will continue to constitute, a public nuisance." Complaint ¶ 94. Specifically, plaintiff alleges that the operation of the plant is causing both injury to the health of its citizens, (¶ 91), and diminution of property values. (¶ 92).

State defendant correctly relies on *New York Trap Rock, supra*, as grounds for dismissal of the fourth claim to the extent it asserts a diminution of *private* property values as distinguished from a diminution of the value of its *own* properties. *New York Trap Rock* clearly acknowledges, however, that a municipality's right to sue does extend to an action grounded upon public nuisance law asserting injury to the health of its citizens.

An order may be submitted effectuating all the foregoing.