08-4735-cv
Schaghticoke Tribal Nation v. Kempthorne

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: October 8, 2009                                    Decided: October 19, 2009
                                                            Amended: November 4, 2009)

Docket No. 08-4735-cv

SCHAGHTICOKE TRIBAL NATION,

*Petitioner-Appellant*,

v.

DIRK KEMPTHORNE, Secretary, Department of the Interior, JAMES E. CASON, Associate Deputy
Secretary, Department of the Interior, U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN
AFFAIRS, OFFICE OF FEDERAL ACKNOWLEDGMENT, and INTERIOR BOARD OF INDIAN APPEALS,

*Respondents-Appellees*,

THE KENT SCHOOL CORPORATION, STATE OF CONNECTICUT, TOWN OF KENT, and THE
CONNECTICUT LIGHT AND POWER COMPANY,

*Intervenors-Respondents-Appellees*.[*]

Before: MINER and CABRANES, *Circuit Judges*, and KORMAN, *District Judge*.[**]

Appeal from a judgment of the United States District Court for the District of Connecticut

(Peter C. Dorsey, *Judge*). Petitioner-appellant Schaghticoke Tribal Nation brought a petition under

the Administrative Procedure Act, 5 U.S.C. § 702, challenging the Department of the Interior's

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the
listing of the parties above.

[**] The Honorable Edward R. Korman, of the United States District Court for the Eastern
District of New York, sitting by designation.

1

determination not to "acknowledg[e]" the "tribal existence" of the Schaghticoke Tribal Nation

pursuant to 25 C.F.R. § 83.2. We affirm the District Court's grant of summary judgment to

respondents-appellees and intervenor-appellees on the grounds that (1) the evidence presented by

the Schaghticoke was insufficient to raise a claim of "improper political influence" under the

standard set forth in *Town of Orangetown v. Ruckelshaus*, 740 F.2d 185, 188 (2d Cir. 1984), and (2) the

Department of the Interior's determination did not violate the Vacancies Reform Act, 5 U.S.C.

§§ 3345-49d.

Affirmed.

RICHARD EMANUEL, Branford, CT (David K. Jaffe, Brown
Paindiris & Scott, P.C., Hartford, CT, *on the brief*), *for
petitioner-appellant.*

JOHN B. HUGHES, Assistant United States Attorney, District
of Connecticut (Nora R. Dannehy, Acting United
States Attorney, District of Connecticut, and William
J. Nardini, Assistant United States Attorney, *on the
brief*), *for defendants-appellees.*

MARK F. KOHLER, Assistant Attorney General (Richard
Blumenthal, Attorney General, and Susan Quinn
Cobb and Robert J. Deichert, Assistant Attorneys
General, *on the brief*), Office of the Attorney General,
Hartford, CT, *for intervenors-respondents-appellees.*

PER CURIAM:

Petitioner-appellant Schaghticoke Tribal Nation (the "Schaghticoke") appeals from an

August 27, 2008 judgment of the United States District Court for the District of Connecticut (Peter

C. Dorsey, *Judge*) entered after the District Court granted summary judgment to respondents and

intervenor-respondents. *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389 (D. Conn.

2008).

In 2005, James E. Cason, Associate Deputy Secretary of the Department of the Interior,

issued a Reconsidered Final Determination that declined to "acknowledg[e]" the "tribal existence"

2

of the Schaghticoke.  *See* 25 C.F.R. § 83.2.  The Schaghticoke brought this petition to challenge the Reconsidered Final Determination under the Administrative Procedure Act, 5 U.S.C. § 702.  The parties cross-moved for summary judgment, and the District Court concluded that the Reconsidered Final Determination was not arbitrary or capricious under 5 U.S.C. § 706.  *Schaghticoke*, 587 F. Supp. 2d at 412-18.  The District Court also rejected the Schaghticoke's contentions that the Reconsidered Final Determination was "the product of undue influence exerted by state and congressional political forces" and had been issued in violation of the Vacancies Reform Act, 5 U.S.C. §§ 3345-49d.  *Schaghticoke*, 587 F. Supp. 2d at 402, 409-12, 418-21.  The District Court therefore granted summary judgment to respondents and intervenor-respondents.

On appeal, the Schaghticoke have abandoned their claim that the Reconsidered Final Determination was arbitrary or capricious.  Instead, the Schaghticoke argue only that the Reconsidered Final Determination was the product of improper political influence and was issued in violation of the Vacancies Reform Act.  Reviewing the District Court's grant of summary judgment *de novo, see, e.g., Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009), we affirm.

## I.        Improper Political Influence

Although Connecticut political figures showed keen interest in whether the Department of the Interior acknowledged the Schaghticoke, the evidence submitted by the Schaghticoke cannot support a claim of improper political influence.  "To support a claim of improper political influence on a federal administrative agency, there must be some showing that the political pressure was intended to and did cause the agency's action to be influenced by factors not relevant under the controlling statute." *Town of Orangetown v. Ruckelshaus*, 740 F.2d 185, 188 (2d Cir. 1984); *accord Chemung County v. Dole*, 804 F.2d 216, 222 (2d Cir. 1986).

Here, elected officials in Connecticut—including the state's Governor and Attorney General and members of the state's congressional delegation—met with and sent letters and emails to the

3

Secretary of the Interior and other Interior Department officials expressing an adamant opposition to the Interior Department's potential acknowledgment of the Schaghticoke. *Schaghticoke*, 587 F. Supp. 2d at 402-05. In addition, House and Senate subcommittees held hearings at which members of Congress strongly criticized an interim decision by the Interior Department that favored acknowledgment, and a bill was introduced in the House titled the "Schaghticoke Acknowledgment Repeal Act." *Id.* at 405-07.

Significantly, however, Interior Department officials uniformly testified in depositions that they were not influenced by the political clamor surrounding the Schaghticoke. *Id.* at 404-05, 411. Any political pressure, moreover, was exerted upon senior Interior Department officials; there is no evidence that any of the pressure was exerted upon Cason, who was the official ultimately responsible for issuing the Reconsidered Final Determination. *See id.* at 407, 411. As a result, even if the Connecticut elected officials "intended to" influence the Reconsidered Final Determination, there is no evidence that they "*did* cause the agency's action to be influenced by factors not relevant under the controlling statute." *Orangetown*, 740 F.2d at 188 (emphasis added). We therefore affirm the District Court's conclusion that the Schaghticoke's evidence did not support a claim of improper political influence.[1]

## II. Vacancies Reform Act

We also affirm the District Court's conclusion that the Reconsidered Final Determination did not violate the Vacancies Reform Act, 5 U.S.C. §§ 3345-49d. Interior Department regulations provide that Indian acknowledgment decisions are to be made by "the Assistant Secretary–Indian Affairs, or that officer's authorized representative." *See* 25 C.F.R. § 83.1 (defining the term "Assistant Secretary" to include "the Assistant Secretary–Indian Affairs, or that officer's authorized

---

[1] Our standard for a claim of "improper political influence" is clear, *see Orangetown*, 740 F.2d at 188; *Chemung County*, 804 F.2d at 222, and we reject the Schaghticoke's argument that we should apply a broader "appearance of bias" standard in this action.

representative"); *id.* § 83.10(*l*)(2) (providing that the "Assistant Secretary shall make a final determination regarding the petitioner's status"). In February 2005, the Assistant Secretary–Indian Affairs resigned. Ordinarily, when an "officer" such as the Assistant Secretary resigns, his or her duties are assumed by "the first assistant to the office," which in this case was the Principal Deputy Assistant Secretary–Indian Affairs. *See* 5 U.S.C. § 3345(a)(1). In February 2005, however, the Principal Deputy position was vacant, and thus the Secretary of the Interior delegated to Cason, the Associate Deputy Secretary, the Indian acknowledgment duties of the Assistant Secretary–Indian Affairs. It was in that capacity that Cason issued the Reconsidered Final Determination declining to acknowledge the Schaghticoke.

The Schaghticoke claim that the Final Reconsidered Determination was invalid because Cason was barred by statute from performing the duties of the Assistant Secretary–Indian Affairs. When an officer resigns and the "first assistant" position is vacant, the Vacancies Reform Act provides that "only the head of [the] Executive agency may perform any function or duty," *id.* § 3348(b)(2), "required by statute," *id.* § 3348(a)(2)(A)(ii), "or . . . regulation to be performed by the [resigning] officer," *id.* § 3348(a)(2)(B)(i)(II); *see also id.* § 3348(d)(1) (providing that any action taken in violation of the Vacancies Reform Act "shall have no force or effect"). According to the Schaghticoke, therefore, only the Secretary of the Interior was authorized by the Vacancies Reform Act to make Indian acknowledgment determinations until a new Assistant Secretary–Indian Affairs took office.

The Schaghticoke's argument fails because Indian acknowledgment decisions may be made *either* by the "Assistant Secretary–Indian Affairs" *or* by his or her "authorized representative." 25 C.F.R. §§ 83.1, 83.10(*l*)(2). Just as an Assistant Secretary, in the ordinary course, may name an "authorized representative" to make Indian acknowledgment decisions, the Secretary of the Interior

5

in February 2005, performing the Assistant Secretary's duties, simply named an "authorized representative"—Cason—to decide whether to acknowledge the Schaghticoke.

Put differently, the Vacancies Reform Act mandated that the Secretary of the Interior perform only those functions or duties of the Assistant Secretary that were "required by statute," 5 U.S.C. § 3348(a)(2)(A)(ii), "or . . . regulation to be performed by the [Assistant Secretary]," *id.* § 3348(a)(2)(B)(i)(II). Indian acknowledgment decisions did not fall within that category because they could be made *either* by the Assistant Secretary *or* by his or her "authorized representative." 25 C.F.R. §§ 83.1, 83.10(*l*)(2). Thus, the Vacancies Reform Act did not prohibit the Secretary of the Interior from designating Cason as the "authorized representative" in charge of Indian acknowledgment.

Accordingly, we affirm the District Court's conclusion that the Reconsidered Final Determination did not violate the Vacancies Reform Act.

## CONCLUSION

For the reasons stated above, the August 27, 2008 judgment of the District Court is AFFIRMED.

6