12-4544 (L)
*Schaghticoke Tribal Nation v. Kent School Corp. Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
                 PETER W. HALL,
                 GERARD E. LYNCH,
                                *Circuit Judges.*

---

SCHAGHTICOKE TRIBAL NATION,

*Plaintiff-Appellant,*

SCHAGHTICOKE INDIAN TRIBE,

*Intervenor-Plaintiff,*

                    -v.-                                        Nos. 12-4544, 12-4587, 13-4756

KENT SCHOOL CORP. INC., PRESTON MOUNTAIN CLUB, CONNECTICUT LIGHT & POWER COMPANY, TOWN OF KENT, LORETTA E. BONOS,

ADMIN OF ESTATE OF FLORENCE E.M. BAKER BONOS, ESTATE OF EUGENE L. PHELPS, SAM KWAK, UNITED STATES OF AMERICA,

*Defendants-Appellees,*

APPALACHIAN TRAIL CONFERENCE INC., BARBARA G. BUSH, NEW MILFORD SAVINGS BANK,

*Intervenors-Defendants.*[*]

---

| | |
|---|---|
| For Plaintiff-Appellant: | BENJAMIN HEYWARD GREEN, Zeichner Ellman & Krause LLP, Greenwich, CT. |
| For Defendant-Appellee United States of America: | JOHN B. HUGHES, Assistant United States Attorney (Michelle L. McConaghy and Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |
| For Defendants-Appellees Kent School Corporation, Preston Mountain Club, Connecticut Light & Power Company, and Town of Kent: | DAVID J. ELLIOTT, Day Pitney LLP, Hartford, CT (Jaime Bachrach, John W. Cerreta, Day Pitney LLP, Hartford, CT; Richard L. Street, Carmody & Torrance, Waterbury, CT; Jeffrey B. Sienkiewicz, Sienkiewicz & McKenna P.C., New Milford, CT; James R. Fogarty, Fogarty Cohen Selby & Nemiroff, LLC, Old Greenwich, CT, *on the brief*). |
| For Defendant-Appellee Sam Kwak: | Paul N. Gilmore, Updike, Kelly & Spellacy, P.C., Hartford, CT. |

---

[*] The Clerk of the Court is directed to amend the caption as above.

For Amicus Curiae State of Connecticut:  Mark F. Kohler, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT.

Consolidated appeals from the United States District Court for the District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

These appeals arise from three consolidated actions. The common claim made by the Schaghticoke Tribal Nation ("STN") in each case is that it is an Indian tribe that has been dispossessed of Indian land without the approval of Congress in violation of the Indian Nonintercourse Act, 25 U.S.C. § 177. That statute provides, in relevant part, that "[n]o purchase, grant, lease, or other conveyance of lands, or of any title or claim thereto, from any Indian nation or tribe of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution." *Id*.

The consolidated cases were stayed in 1999 to allow STN to complete the Department of the Interior's ("DOI") federal acknowledgment process – a formal regulatory process by which DOI decides whether a petitioning group is entitled to certain privileges and benefits provided to officially recognized tribes. *See* 25

C.F.R. § 83.2. In 2005, DOI concluded that STN did not meet all of the criteria for federal acknowledgement and its determination was upheld on appeal. *Schaghticoke Tribal Nation v. Kempthorne*, 587 F.3d 132, 134 (2d Cir. 2009). Following that determination, the Defendants-Appellees moved for judgment on the pleadings in district court, which the court granted. STN appeals from the district court's ruling.[1]

To establish a prima facie case of a violation of the Nonintercourse Act, a plaintiff must show that "(1) it is an Indian tribe, (2) the land is tribal land, (3) the United States has never consented to or approved the alienation of this tribal land, and (4) the trust relationship between the United States and the tribe has not been terminated or abandoned." *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 56 (2d Cir. 1994). To constitute an Indian tribe within the meaning of the Nonintercourse Act, an Indian group must show that it is "a body of Indians of the same or a similar race, *united in a community under one leadership or government*, and inhabiting a particular though sometimes ill-defined territory." *United States v. Candelaria*, 271 U.S. 432, 442 (1926) (quoting *Montoya v.*

---

[1] We review a "judgment under Federal Rule of Civil Procedure 12(c) de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013).

*United States*, 180 U.S. 261, 266 (1901)) (emphasis added).  Under the DOI regulations, on the other hand, a group constitutes an Indian tribe if it meets seven mandatory criteria.  Two of the requirements, relevant here, are: (1) "[a] predominant portion of the petitioning group comprises a distinct community and has existed as a community from historical times until the present;" and (2) "[t]he petitioner has maintained political influence or authority over its members as an autonomous entity from historical times until the present."  25 C.F.R. §§ 83.7(b), (c).

Our decision in *Golden Hill* provides the framework for the interaction between the common law standard and the DOI criteria and the role of primary jurisdiction in that interaction.  The primary jurisdiction doctrine is "[a] judicial doctrine whereby a court tends to favor allowing an agency an initial opportunity to decide an issue in a case in which the court and the agency have concurrent jurisdiction."  *Black's Law Dictionary* 1310 (9th ed. 2009).  The doctrine is applicable where "a claim is originally cognizable in the courts, but enforcement of the claim requires, or is materially aided by, the resolution of threshold issues, usually of a factual nature, which are placed within the special competence of the administrative body."  *Golden Hill*, 39 F.3d at 58-59.  In *Golden*

*Hill*, we concluded that "[t]he Department of the Interior's creation of a structured administrative process to acknowledge 'nonrecognized' Indian tribes using uniform criteria, and its experience and expertise in applying these standards, has now made deference to the primary jurisdiction of the agency appropriate." *Id.* at 60. Thus, while the "federal court, of course, retains final authority to rule on a federal statute," it should nonetheless "avail itself of the agency's aid in gathering facts and marshaling them into a meaningful pattern." *Id.*

That is precisely what occurred in the case now before us. The district court deferred to the factual findings of the DOI, but "agree[d] that it must independently apply applicable law to the factual findings." *United States v. 43.47 Acres of Land*, 896 F. Supp. 2d 151, 157 (D. Conn. 2012). And it did. Ultimately, the district court concluded that the evidence submitted by STN was insufficient to satisfy the *Montoya* standard requiring that the group be "united in a community under one leadership or government." *Montoya*, 180 U.S. at 266. In so deciding, it relied on DOI's conclusions that STN had presented insufficient direct evidence of a distinct tribal community from 1920 to 1967 and after 1996, and of political authority over tribal members from 1801 to 1875 and after 1996.

It was appropriate for the district court to rely on the DOI's factual findings.  To hold to the contrary would require the district court to conduct the independent, complex evidentiary hearing that this Court sought to avoid in *Golden Hill*.

Finally, because we find that the district court appropriately deferred under the doctrine of primary jurisdiction to DOI's factual findings in concluding that STN did not satisfy the *Montoya* criteria, we need not address whether the doctrine of collateral estoppel applies in this case.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
